ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| **JUAN RAMÓN MARRERO MELÉNDEZ c/t/c JUAN MARRERO MELÉNDEZ, LILLIAM DELGADO RAMOS Sociedad Legal de Gananciales que ambos componen**<br><br>Recurridos<br><br>v.<br><br>**OFICINA DEL COMISIONADO DE INSTITUCIONES FINANCIERAS**<br><br>Peticionarios | TA2026CE00614 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de **San Juan**<br><br>Civil Núm.: **SJ2025CV10733**<br><br>Sobre: Ley de Instituciones Financieras |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez y la Jueza Boria Vizcarrondo.

Boria Vizcarrondo, Jueza Ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 8 de junio de 2026.

Comparece ante nos, la Oficina del Comisionado de Instituciones Financieras (OCIF o parte peticionaria), mediante el presente recurso de *certiorari*, y nos solicita que revoquemos una *Resolución* emitida y notificada por el Tribunal de Primera Instancia Sala Superior de San Juan (TPI o foro primario) el 20 de marzo de 2026.[1] Mediante el referido dictamen, el TPI declaró No Ha Lugar la solicitud de desestimación instada por la parte peticionaria.

Por los fundamentos que expondremos a continuación, denegamos expedir el auto de *certiorari*.

## I.

En el caso de marras, el señor Juan Ramón Marrero Meléndez y la señora Lilliam Delgado Ramos (matrimonio Marrero Delgado o parte recurrida) instaron una *Demanda* contra la OCIF al amparo de

---

[1] Sistema Unificado de Manejo y Administración de Casos (SUMAC) del Tribunal de Apelaciones (TA), Entrada Núm. 15, TPI.

la Sección 37(g) de la Ley Núm. 55 del mayo de 1933, según enmendada, conocida como Ley de Bancos (en adelante, Ley de Bancos).[2] En su escrito, manifestaron ser dueños de una cuenta en FirstBank que contaba con la suma total de $299,563.32. Añadieron que, el 10 de diciembre de 2021 dicha cuenta fue referida a la OCIF. En su interés de recuperar el capital, el 26 de septiembre de 2023 el matrimonio Marrero Delgado comenzó el proceso de reclamación para la adquisición de los fondos.

Como parte del trámite, señaló que, el 29 de septiembre de 2023 la parte peticionaria les remitió el Formulario de Reclamación de Propiedad Abandonada y, en cumplimiento, el 20 de diciembre de 2023 la parte recurrida se personó a las Oficinas del Comisionado en aras de presentar su documentación. Sin embargo, sostuvieron que, una empleada de la OCIF les denegó la entrega de los documentos debido a que carecían de una certificación de no deuda emitida por el Departamento de Hacienda.

Junto con la demanda, la parte recurrida anejó una *Resolución* emitida por la OCIF, el 27 de octubre de 2025, y notificada únicamente al Sr. Ramón Marrero. Surge de la determinación que la OCIF denegó el reintegro de los fondos y declaró como sigue[3]:

> La Oficina carece de facultad en ley para reintegrar a los reclamantes los referidos fondos porque la reclamación abierta fue cerrada por inactividad luego de transcurridos 180 días calendario y la nueva solicitud de reclamación fue realizada luego de transcurrido el término de tres (3) años concedido en ley para esos fines. Por tanto, se deniega la reclamación.

En vista de lo anterior, el matrimonio Marrero Delgado recurrió ante el TPI y reclamó faltas en el debido proceso de ley. En particular, defectos en la notificación y la oportunidad de ser

---

[2] *Íd.*, Entrada Núm. 1.
[3] *Íd.*, Entrada Núm. 1, Anejo de *Notificación y Resolución*.

escuchados mediante vista adjudicativa. Por lo antes, suplicaron del foro primario ordenar a la OCIF el reintegro de sus activos.

En vista de lo anterior, el 9 de enero de 2026 la parte peticionaria instó una *Moción de Desestimación*.[4] En su petición, alegó que la demanda incoada por la parte recurrida no expone una causa de acción que justifique la concesión de un remedio. Fundamentó que, la petición instada por el matrimonio Marrero Delgado resultó tardía toda vez que, al amparo de la Ley de Bancos y el reglamento de la OCIF, las reclamaciones archivadas por inactividad no interrumpen el término prescriptivo. En consecuencia, suplicó la desestimación de la causa de acción instada en su contra.

Por su parte, el matrimonio Marrero Delgado respondió la petición de desestimación e imploró su denegatoria. Adujo que, las acciones preponderadas para la presentación de los documentos constituyen acciones afirmativas para la interrupción del término. Además, añadió que la parte peticionaria fue negligente al denegar los documentos suscitados para completar la solicitud y, posteriormente, denegar la misma sin su debido proceso de ley.

Evaluada la posición de ambas partes, el foro primario emitió una *Resolución* en la que declaró No Ha Lugar la moción de desestimación instada por OCIF.

Aun inconforme con la denegatoria de reconsideración, la OCIF acudió ante esta Curia mediante el recurso de epígrafe y le imputó al foro primario el siguiente señalamiento de error:

> Erró el Tribunal de Primera Instancia al negarse a desestimar la demanda pese a que la reclamación estaba prescrita conforme a la Ley de Bancos y el Reglamento Núm. 5793[5], por lo que, aun interpretando las alegaciones de la forma más favorable para los recurridos, la demanda no expone una reclamación plausible que justifique la concesión de un remedio.

---

[4] *Íd.*, Entrada Núm. 8.
[5] El Reglamento Núm. 5793 fue derogado por el actual Reglamento Núm. 9680, según dispone el Departamento de Estado.

El 21 de mayo de 2026 la parte recurrida instó su *Oposición a Certiorari Civil*. En su escrito, reiteraron sus acciones afirmativas dirigidas a interrumpir los términos prescriptivos y la violación de su debido proceso de ley.

## II.

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Allio v. Santiago Chardon,* 2026 TSPR 13; *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023). Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de *certiorari. Rivera et al. v. Arcos Dorados et al.*, supra. A diferencia del recurso de apelación, el tribunal revisor tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846 (2023).

Por otro lado, el examen que hace esta Curia previo a expedir un auto de *certiorari* no se da en el vacío ni en ausencia de otros parámetros. *Torres González v. Zaragoza Meléndez, supra,* pág. 428; *800 Ponce de León v. AIG*, 205 DPR 163, 176 (2020). En ese sentido, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, 216 DPR ___ (2025), señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari. BPPR v. SLG Gómez-López*, 213 DPR 314, 336-337 (2023). La referida regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

    (B)   Si la situación de hechos planteada es la más indicada para el análisis del problema.

    (C)   Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

    (D)   Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

    (E)   Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

    (F)   Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

    (G)   Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Lo anterior impone al Tribunal de Apelaciones la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro. Por tanto, de no estar presente ninguno de los criterios esbozados, procede que esta Curia se abstenga de expedir el auto solicitado. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008).

Es norma reiterada que, el foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en los cuales se demuestre que el dictamen que emitió el foro de instancia es arbitrario o constituye un exceso de discreción. *BPPR v. SLG Gómez-López, supra*, pág. 334.

Expuesta la normativa jurídica aplicable, procedemos disponer del recurso instado ante nos.

### III.

En el caso de epígrafe, la parte recurrente solicita nuestra intervención para que revoquemos la *Resolución* emitida por el foro de instancia en la que denegó desestimar la causa de acción instada por la parte recurrida.

Luego de evaluar sosegadamente lo planteado por la OCIF, al igual que el expediente del pleito de marras, colegimos que no se

desprende falta alguna atribuible al TPI en la ejecución de sus funciones adjudicativas, de modo que resulte meritorio expresarnos sobre lo resuelto. Ante la ausencia de razón que mueva nuestro criterio discrecional de expedir el auto de *certiorari*, conforme a la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, nos abstenemos de ejercer nuestra función revisora y de intervenir con la determinación del foro *a quo*.

**IV.**

Por las razones discutidas anteriormente, denegamos la expedición de la *Resolución* recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones